## 1258.  HOLDEN *et al. v.* COLLIER.

1. The error of the court in allowing a claim of set-off was rendered harm-less by the act of the defendant in writing off from the judgment in his favor the amount of the set-off objected to.
2. No other error appears; and the verdict, as modified by the judgment. on the motion for new trial, was demanded by the evidence.

Appeal, from Hancock superior court—Judge Worley.    May 27, 1908.

Submitted July 17, 1908.—Decided February 9, 1909.

J. F. & T. C. Holden brought suit in a justice's court against Augustus Harris and Tom Collier for $51.59, the value of 469 pounds of middling lint-cotton at eleven cents per pound.    The defendant Harris was not served and did not appear.    Attached to the original summons were the following exhibits, which show the basis of the suit: "Georgia, Hancock County.    Know all men by these presents, that I, Augustus Harris, of Hancock county, Ga., have this day made the following contract with Tom Collier of Hancock county, for the purpose of farming on lands rented of him. during the year 1907.    In the consideration of the said Tom Col-lier furnishing me with about 80 acres of land, I on my part agree to work the same in husband-like manner, so as to preserve the same from waste, and to deliver to the said Tom Collier, his.

heirs or assigns, on the 1st day of October, 1907, at White Plains, Georgia, 1500 pounds of middling cotton, put up in bales to average 500 pounds each, and in merchantable condition, and I shall have no right to control any part of my crops of any kind whatever until said rent is paid. And in consideration of the said Tom Collier or his assigns furnishing me with provisions, supplies, guano, etc., for making said crops during this year 1907, I hereby sell, assign, and convey unto the said Tom Collier, his heirs and assigns, all of my interest in all of the crops of all sorts made by me on said land during this year 1907, and I will claim no title to said crops until said Tom Collier or his assigns shall be fully paid for all advances made to me. As against this debt each of us hereby waives for ourselves and families the benefit of all homestead and exemption laws of this State or of the United States. This 11th day of December, 1906." Signed and attested. "Georgia, Hancock County. I, Tom Collier, landlord, in consideration that J. F. & T. C. Holden will furnish advances agreed to be supplied by me in the within contract to the said Gus Harris, hereby transfer and assign to J. F. & T. C. Holden all my rights secured by said contract, and hereby waive my rights to the said crop in favor of the said J. F. & T. C. Holden, heirs or assigns, to the amount of four thousand pounds of lint cotton. I further agree to see that the said Gus Harris deliver to said J. F. & T. C. Holden the cotton herein specified, or its equivalent in cash. And I agree to be responsible for this debt in case the said Harris fails to pay it. Witness my hand and seal this 11th day of December, 1908. Tom Collier."

In answer to the suit the defendant Collier set up that his tenant, Harris, had delivered to the plaintiffs 3,531 pounds of lint cotton, which more than pays off all the debts for supplies incurred by Harris, under the contract which the defendant had transferred to the plaintiffs for the purpose of securing them in furnishing such supplies; and that from this cotton the plaintiffs, in addition to the amount of indebtedness, realized the sum of $46.53, which was due to the defendant as rent, and, after paying a specified amount to Harris, applied the remainder to other indebtedness of Harris to the plaintiffs, without authority from the defendant, for which indebtedness the defendant was not liable; and he asked that this amount of $46.53 be allowed him as a set-off. He subsequently

amended his plea by setting up an additional amount of $72, which he alleged the plaintiffs, from the proceeds of lint cotton furnished to them by Harris, had appropriated to pay a debt of $72, which Harris owed to third persons; and the defendant asked judgment against the plaintiffs for $100, covering these two items, as set-off, being the amount of which the justice's court had jurisdiction. The case was appealed to the superior court, and, at the conclusion of the evidence, the judge directed a verdict for the defendant, for $91.20, as set-off.

On the trial in the superior court it was undisputed that Harris, the tenant of the defendant, delivered to the plaintiffs, in the fall of 1907, 3,531 pounds of cotton, and that it brought $401.50; and it was admitted that this sum paid the plaintiffs in full for all the supplies which they had furnished to the tenant during the year 1907, and left a balance in their hands of $92.63, from which they appropriated $72 to the payment of a debt for guano, which had been incurred by the tenant, to Reid & Co., for whom the plaintiffs were agents; and the remainder of which ($20.63) the plaintiffs credited on a note made to them by Harris several years previous to 1907. It was also undisputed that the defendant Collier had not received any part of his 1,500 pounds of lint cotton for rent under the contract with Harris which he had transferred to the plaintiffs to protect them in furnishing supplies to Harris for the year 1907.

The plaintiffs' motion for a new trial contains, besides the general grounds, an exception to the judgment allowing the defendant to add to his plea of set-off the item of $72 paid on guano to Reid & Co., on the ground that this item, added to the $43.56, exceeded the jurisdiction of the justice's court, and that the defendant could not write off any portion of it so as to bring it within the jurisdiction of that court. Error is also assigned upon the refusal of the court, after said amendment was allowed, to continue the case, the plaintiffs' attorney stating in his place that he was surprised by the amendment and less prepared to go to trial. Error is also assigned upon the ruling of the court in excluding evidence as to the existence of old debts which the plaintiffs held against Harris, prior to the year 1907. And error is also assigned in the direction of a verdict for the defendant for $91.20, because the court had no jurisdiction of the plea of set-off as amended, and no verdict could have

been rendered thereon for any amount; and further, because the evidence did not show, without any conflict or room for deduction by the jury otherwise, that the plaintiffs were indebted to the defendant in said sum. The trial court entered a judgment on the motion for a new trial, granting another trial unless the defendant would write off from the verdict and judgment the sum of $72; and if written off, refusing a new trial. The $72 was accordingly written off by the defendant, leaving a judgment against the plaintiffs and in favor of the defendant for $19.20. The plaintiffs thereupon excepted.

R. H. *Lewis,* Samuel H. *Sibley,* for plaintiffs.

*James Davison,* for defendant.

HILL, C. J. (After stating the foregoing facts.)

1. If the judgment allowing as a set-off the $72 was erroneous, because, when this sum was added to the original amount pleaded as a set-off, the total amount claimed by the defendant on this account exceeded the jurisdiction of the justice's court, the error was entirely eliminated when the sum of $72 was written off by him from the judgment in his favor, in pursuance of the order of the court on the motion for new trial. The writing off of this sum also disposed of the alleged error in refusing to grant the plaintiffs a continuance because they claimed to be surprised by the amendment, setting up this sum as an additional item of set-off.

2. The ruling of the court in excluding evidence as to the debts which Harris, the tenant of the defendant, owed to the plaintiffs prior to the year 1907 was clearly right. The transfer of the landlord's lien of the defendant to the plaintiffs was expressly for the purpose of securing the plaintiffs for all advances and supplies furnished by them to the tenant to make the crop of 1907. The debts secured by the transfer were the debts incurred by the tenant of the transferor for the year 1907. Such were the explicit terms of the contract; and parol evidence was not admissible to vary or change these terms. After the debts due to the plaintiffs by the tenant for supplies and advances for the year 1907 had been fully paid out of the proceeds of the lint cotton up to the limit of 4,000 pounds, if there remained any excess in the hands of the plaintiffs arising from the sale of this lint cotton, they held it in trust for the defendant, who was entitled to have it paid to him on his claim for rent; and the plaintiffs had no right, in law or equity, to ap-

propriate it to the payment of any debt which they held against the tenant prior to the year 1907, and in which the landlord was in no wise interested.

3. The undisputed evidence shows that all the debts for supplies and advances furnished by the plaintiffs to the tenant, Harris, for the year 1907, and secured by the transfer of the defendant's lien as landlord, were fully paid by the proceeds of the lint cotton delivered to them by the tenant according to the terms of the transfer made to them by the defendant. The excess in the hands of the plaintiffs, realized from the proceeds of the lint cotton, after the payment of the debts for 1907, belonged to the defendant; and the verdict directed for this excess, as modified by the order of the court requiring the defendant to write off the $72 from the verdict, was demanded by the evidence.

*Judgment affirmed.*